## In re KELLOGG BROWN & ROOT f/k/a Brown & Root, Inc., Relator.

### No. 01–99–00375–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 21, 1999.

---

R. Bruce Hurley, Robert E. Meadows, Houston, for Relator.

James B. Galbraith, Galveston, Thomas O. Deen, Nelson Dean Skyler, Houston, for Real Parties in Interest.

Panel consists of Justices HEDGES, ANDELL, and DUGGAN.[1]

1. The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas

## OPINION ON MOTION FOR REHEARING

ADELE HEDGES, Justice.

Relator, Kellogg Brown & Root f/k/a Brown & Root, Inc., brings this petition for writ of mandamus pursuant to Texas Government Code section 22.221(b), seeking review of the trial court's order denying its motion to compel. The Court today considered relator's motion for rehearing. The motion for rehearing is granted. We withdraw our opinion dated August 12, 1999, and issue this opinion in its stead. Because relator has an adequate remedy by appeal, we deny the petition for writ of mandamus.

## BACKGROUND

The underlying lawsuit arose from a personal injury action brought by Sidney Ervin against relator, Amoco Oil Corp., and another defendant for exposure to silica. Ervin, at the time, was employed by Sipco Services & Marine, Inc., and was performing sandblasting and painting operations for Sipco at an Amoco plant. He alleged that his injuries were caused by his inhalation of airborne particulates.

Sipco was one of relator's subcontractors on the Amoco project. During the course of the Ervin suit, relator and Amoco filed cross-claims against Sipco based on the contractual indemnity provision in the contract between relator and Sipco.

Ervin demanded $4,500,000 to settle the claims against relator and Amoco. Relator and Amoco requested that Sipco satisfy this demand pursuant to its contractual indemnity obligation. Sipco refused. Shortly before trial, relator and Amoco requested that Sipco pay $1,500,000 in exchange for a release of the cross-claims against Sipco. Sipco again refused. Relator and Amoco settled the Ervin suit for $1,500,000.

at Houston, participating by assignment.

Shortly after the settlement, Sipco filed an amended answer to the cross-claims alleging that the settlement of the Ervin suit was not reasonable. Relator sent discovery to Sipco requesting copies of the correspondence between Sipco and its non-defending insurers and indemnitors. Relator contended that this correspondence showed that the settlement was reasonable. Sipco objected to the discovery requests based on the attorney-client and work-product privileges. Relator filed a motion to compel, which the trial court denied. This mandamus proceeding arose from the trial court's denial of the motion to compel.

## PROPRIETY OF MANDAMUS RELIEF

■ Mandamus is an extraordinary remedy, available only when a trial court clearly abuses its discretion and when there is no adequate remedy on appeal. *Walker v. Packer*, 827 S.W.2d 833, 840–44 (Tex.1992). An appellate remedy may be adequate even though it involves more delay or cost than mandamus. *Id.* at 842. An appeal from a trial court's discovery order is not adequate if: (1) the appellate court would not be able to cure the trial court's error on appeal; (2) the party's ability to present a viable claim or defense is vitiated or severely compromised; or (3) missing discovery cannot be made a part of the appellate record. *Id.* at 843.

■ In light of *In Re Ford Motor Company*, 988 S.W.2d 714 (Tex.1998), we deny the petition for writ of mandamus because relator has an adequate remedy by appeal.

In *Ford*, the underlying lawsuit stemmed from an automobile accident involving a Ford vehicle. *Id.* at 716. The driver was killed, and the two passengers were injured. *Id.* One of the passengers owned the vehicle, which was insured by State Farm Mutual Automobile Insurance Company. *Id.* After the accident, State Farm hired an engineer to investigate the accident and compile a report (the Kent report). *Id.* The Kent report stated that the vehicle's cruise control did not proper-

ly set before the accident, but that the vehicle's brakes had not failed. *Id.* at 717.

The two passengers and representatives of the driver's estate sued Ford, alleging that the accident resulted from either a defective brake system or cruise control system. *Id.* The plaintiffs informed State Farm that it need not become involved in the suit. *Id.* After the suit was filed, the plaintiffs and Ford entered into a Rule 11 agreement to abate discovery until the parties first discussed settlement. *Id.* While the Rule 11 agreement was still in effect, a Ford investigator contacted State Farm and requested a copy of the Kent report, and, eventually, Ford obtained a copy of the Kent report. *Id.*

The plaintiffs filed a motion for sanctions asserting that Ford violated the Rule 11 agreement and the motion to quash. *Id.* The trial court did not rule on this motion for sanctions. *Id.* Almost two years later, the plaintiffs filed another motion for sanctions. *Id.* at 718. The trial court concluded that Ford had abused the discovery process. *Id.* The trial court ordered that the Kent report be excluded from evidence and precluded any reference to it by Ford's experts. *Id.*

Ford sought mandamus relief from the trial court's order. *Id.* Ford contended that the deteriorated condition of the plaintiff's vehicle precluded Ford's experts from examining the vehicle and opining about the condition of the vehicle at the time of the accident. *Id.* at 721. Ford argued that its remedy by appeal was inadequate because the trial court's order excluding the Kent report, and precluding all other expert testimony based on that report, effectively prevented Ford from presenting a viable defense to the plaintiffs' claims. *Id.*

In holding that Ford had an adequate remedy by appeal, the court stated:

Ford has not clearly established the impossibility of now determining the condition of the brakes or cruise control system when the accident occurred.

Moreover, Ford has not shown that exclusion of the Kent report and related expert testimony prevents it from otherwise defending against the [plaintiffs'] claims, such that the trial would be a waste of judicial resources. The trial court's order does not prevent Ford from presenting other evidence or testimony in support of its theory that the brakes worked properly, nor does it prohibit Ford from pursuing other theories of defense. On this record, we cannot conclude that the excluded evidence is essential to Ford's defense in this case. Therefore, Ford has an adequate remedy by appeal.

*Id.* (citations omitted). The court also noted that because Ford was in possession of the claim file and the Kent report, Ford was free to develop a complete record by way of bill of exception, which would be sufficient for appellate review. *Id.*

Similar circumstances exist in the present case. Relator has not clearly established the impossibility of now showing the reasonableness of its settlement of the Ervin suit. Nor has relator shown that the exclusion of the requested correspondence prevents it from establishing its claim, such that a trial would be a waste of judicial resources. The trial court's order does not prevent relator from presenting other evidence or testimony concerning the reasonableness of its settlement. In fact, relator has admitted that its expert witnesses are prepared to testify that the settlement was reasonable. Additionally, the correspondence at issue has been filed under seal with the trial court, so it is possible for relator to make a record that is sufficient for appellate review. Moreover, relator has received at least one of the documents that it originally requested from Sipco through discovery in another suit.

Under the present record, we conclude that relator has an adequate remedy by appeal. We deny relator's petition for writ of mandamus.