**In re S.R. TJIA and M.G. Soliman, Relators.**

**No. 07–01–0205–CV.**

Court of Appeals of Texas, Amarillo.

June 13, 2001.

Rehearing Overruled Aug. 13, 2001.

---

Jones, Flygare, Brown & Wharton (G. Douglas Welch, Jeffrey B. Jones) Lubbock, for appellant.

Craig, Terrill & Hale (Gary Bellair, Janna K. Fulfer), Lubbock, for real party in interest.

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

BOYD, Chief Justice.

In this original proceeding, relators S.R. Tjia and M.G. Soliman seek a writ of mandamus asking us to order the Honorable Mackey Hancock, Judge of the 99th District Court of Lubbock County, to vacate his order requiring relators to produce a letter to the real party-in-interest, United Supermarkets, Inc. (United), which they claim is protected by the attorney-client privilege. For the reasons set forth, we deny the petition for writ of mandamus.

The underlying lawsuit is a breach of contract action filed by relators against United seeking damages allegedly owed by United under a commercial lease agreement for unpaid rent and other costs. United asserted various affirmative defenses to the lawsuit, including the defense that relators first breached the agreement by unreasonably withholding consent to a sublease United sought to enter into with Hastings Books, Music, and Video, Inc. (Hastings). United also asserted its own claim for damages against relators as a result of that alleged breach.

During the course of the lawsuit, United sought to compel the production of various documents which relators claimed were protected by the attorney-client privilege. Relators' attorney, John Freels (Freels), had been designated as a fact witness and an expert witness. Eventually the documents in question were tendered to the trial court for an in-camera inspection, and the court ordered the production of all 12 documents. Thereafter, relators de-designated Freels as an expert and requested the trial court to reconsider its ruling. On April 25, 2001, the trial court entered an order granting the motion to reconsider in part and ordering the production of only one document, which was a letter from Freels to relators dated September 23, 1994. However, relators still object to the production of that document and request that we order the trial court to vacate that order.

Writs of mandamus will only issue to correct a clear abuse of discretion or violation of a duty imposed by law when there is no adequate remedy by appeal. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992) (orig.proceeding). A trial court clearly abuses its discretion if it arrives at a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Id.* With respect to factual matters committed to the trial court's discretion, the appellate court may not substitute its judgment for that of the trial

court. *Id.* However, a review of a trial court's determination of controlling legal principles is entitled to much less deference. *Id.* at 840. Therefore, a clear failure by the trial court to apply the law correctly constitutes an abuse of discretion. *Id.*

■ Both relators and United agree that the applicable rules of law are found in *Republic Ins. Co. v. Davis,* 856 S.W.2d 158 (Tex.1993) (orig. proceeding). In that case, the court held that the attorney-client privilege could be waived by the offensive use of it. *Id.* at 163. The following factors should guide a court in its determination as to whether a waiver has occurred: 1) the party asserting the privilege must seek affirmative relief; 2) the information must be such that if believed by the factfinder, in all probability, it would be outcome determinative of the cause of action, *i.e.,* it must go to the very heart of the affirmative relief sought; and 3) disclosure of the confidential communication must be the only means by which the aggrieved party can obtain the evidence. *Id.* Relators contend that their assertion of the attorney-client privilege is defensive rather than offensive and that the information sought is not outcome determinative.

■ The lease between the predecessor-in-interest to relators and United provides that the lease may be assigned or sublet by the lessee in whole or in part "with the written consent of LESSOR, which consent will not be unreasonably withheld." The trial court specifically found in its order that the use of the privilege by relators as to the document ordered to be produced was offensive. Relators' position is that because United asserted an affirmative defense and counterclaim that consent to the sublease was unreasonably withheld, that defense or claim is one upon which United has the burden of proof and, therefore, its use of the privilege is essentially defensive in contesting United's affirmative claims.

Relators argue in reliance on *National Union Fire Ins. Co. of Pittsburgh v. Valdez,* 863 S.W.2d 458 (Tex.1993) (orig.proceeding), that when "a defendant relies on privileged information to rebut a plaintiff's cause of action, the defendant is not seeking affirmative relief that is an offensive use of the privilege" and that the same rule should apply when a plaintiff relies on privileged information to rebut a defendant's counterclaim. However, in *Valdez,* the party asserting the privilege was the defendant, and the court merely ruled that by filing a motion for summary judgment to avoid the plaintiff's claims, the defendant did not seek affirmative relief. *Id.* at 461–62. In this instance, the parties asserting the privilege are the plaintiffs, who are seeking affirmative relief by requesting damages.

In *DeWitt and Rearick, Inc. v. Ferguson,* 699 S.W.2d 692 (Tex.App.—El Paso 1985) (orig.proceeding), three sisters offered land they owned for sale. Two of the sisters signed a contract with a first group of buyers. However, a second group of buyers represented by agents then approached the sisters and obtained all three signatures on a contract. The first buyers sued for specific performance, and the sisters settled. The sisters then sued the second group of buyers, as well as their agents, for the money paid out in settlement. The agents counterclaimed against the sisters for unpaid commissions. During questioning, the sisters stated they settled the lawsuit based on the advice of counsel. However, they refused to reveal the basis and theories upon which that settlement was made, asserting the information was protected by the attorney-client privilege. The court found that the offensive use waiver applied because the non-disclosure of the reasons behind the sisters' settlement materially affected the

ability of the second group of buyers and their agents to present a defense to the sisters' cause of action. *Id.* at 694.

Similarly, here, relators claim they relied solely upon advice of counsel in not approving the sublease, and Freels refused to reveal his communications with relators. Therefore, the information could not be obtained elsewhere. The fact that the information sought is not a part of any element of relators' claim does not change the fact that, under these circumstances, the failure of relators to provide their reasons for not approving the sublease materially affects the ability of United to present its defense that consent was unreasonably withheld in violation of the lease agreement. Relators have cited no cases which state that the determination of whether the use of the privilege is offensive or defensive is specifically tied to the burden of proof on a particular defense. Here, viewing the totality of the surrounding circumstances, when the cause of action is viewed in total, we believe that the privilege is being used offensively.

■ The information in the letter must also be outcome determinative in order for the privilege to be waived. We believe "outcome determinative" means that if the information is believed by the factfinder, it would in all probability determine the outcome of the cause of action. Mere relevance or a contradiction in position is not enough. *Davis,* 856 S.W.2d at 163. The trial court had previously found the document to be outcome determinative prior to the de-designation of Freels as an expert witness, and therefore must have impliedly made the same finding in the challenged order, even if it was no longer based on Freels testifying as an expert at trial.

Relators posit that the information sought is not outcome determinative be-

cause there was no effective sublease before them at the time their counsel's letter was written because the sublease contained a provision that it would expire if not executed by a certain date, which date had already passed. They also contend that the letter only contains opinions, not facts. However, the letter sought by United states several reasons why the parties did not initially agree to the sublease. Furthermore, the fact that by that time United had offered relators the opportunity to deal directly with Hastings, thereby obtaining for themselves the full benefit of the rental payments, does not mean that United agreed to waive any claims it had for the lost opportunity of having the space leased to another party, ostensibly, the intended purpose of the sublease provision in the lease.[1] There is also some evidence that relators were still willing to consider a sublease as late as October 20, 1994. The fact that there was no currently effective offer for a sublease before relators at the time the letter was written does not automatically negate any bearing that the information in the letter may have upon this cause of action.

Furthermore, there is a statement in the letter that certain actions of United have had an effect on the viability of reasons relators had for not agreeing to a sublease. If believed by the factfinder, this statement would in all probability provide a defense to relators' cause of action. Therefore, the trial court did not clearly err in finding that the information sought is outcome determinative.

Accordingly, because the trial court did not abuse its discretion, we deny relators' petition for writ of mandamus.

---

1. Relators were unable to negotiate a deal with Hastings.