IN re Louisiana Workers' Comp. Corporation















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-200-CV

IN RE LOUISIANA WORKERS' COMPENSATION CORPORATION

 

 Original Proceeding
                                                                                                                

O P I N I O N
                                                                                                                

      Superior Diving Company, Inc. filed suit against Louisiana Worker’s Compensation
Corporation (“LWCC”) to recover the sums it paid in settlement of a claim it contends is covered
by the worker’s compensation policy it has with LWCC. LWCC filed a motion to compel
Superior Diving to produce documents related to the settlement of the underlying suit and to
permit the deposition of the insurance adjuster who handled the claim on behalf of Superior
Diving’s excess insurer. Respondent, the Honorable Wayne Bridewell, Judge of the 249th District
Court of Somervell County, denied the motion. LWCC seeks a writ of mandamus compelling
Respondent to grant the motion.
BACKGROUND
      Superior Diving employee Curtis Antill suffered injuries while engaged in a dive to survey
and remove debris from a tank at the Comanche Peak nuclear power generating facility owned by
Texas Utilities Electric Company (“TU Electric”) in Glen Rose. Antill filed suit against TU
Electric and Superior Diving. Superior Diving submitted a worker’s compensation claim to
LWCC on behalf of Antill. LWCC denied coverage.
      Superior Diving subsequently provided LWCC copies of Antill’s petition and a third-party
petition filed against it by TU Electric. Superior Diving requested LWCC to provide its defense
in the lawsuit and to indemnify it under the terms of the worker’s compensation policy. LWCC
denied this request.
      Superior Diving and TU Electric settled with Antill for $1.1 million. Superior Diving paid
$675,000 of the settlement. Superior Diving then filed suit against LWCC to recover the sums
it paid in settlement of the Antill claim.
      LWCC served a request for production on Superior Diving seeking:
any and all notes, memoranda, research and correspondence in the files of Dunn, Kacal,
Adams, Pappas & Law related to Cause No. 97-5103, styled Antill v. Texas Utilities
Electric Company, in the 249th District Court of Somervell County, Texas.

LWCC also sought “any and all notes, memoranda, research and correspondence in the files of
Agricultural Excess and Surplus Insurance Company pertaining to the suit.”
      Superior Diving filed a response objecting that these two requests sought documents protected
by the attorney-client privilege and/or the work product privilege. Superior Diving provided a
privilege log with this response in which it listed 144 documents being withheld from production
and the basis for its objection to their production. See Tex. R. Civ. P. 193.3; In re Monsanto Co.,
998 S.W.2d 917, 924 (Tex. App.—Waco 1999, orig. proceeding). Superior Diving later provided
a supplemental privilege log listing 137 additional documents being withheld. See Tex. R. Civ.
P. 193.5.
      LWCC filed a motion to compel production of the withheld documents and to depose the
insurance adjuster who handled the claim for Superior Diving’s excess insurer. Id. 193.4. In this
motion, LWCC stated:
LWCC does not deny that it seeks materials, documents and testimony that would
otherwise be protected by the work product and attorney client priviledge [sic]. 
Nevertheless, the priviledges [sic] have been waived by the Plaintiff under the offensive
use doctrine established by the Texas Supreme Court in Ginsberg v. The Fifth Court of
Appeals, 686 S.W.2d 105 (Tex. 1985).

      Superior Diving filed a response in which it contended that it had not waived these privileges
because the documents and testimony sought are not “outcome determinative” and are not the only
source by which LWCC can obtain the information sought. See Republic Ins. Co. v. Davis, 856
S.W.2d 158, 163 (Tex. 1993) (orig. proceeding); In re Tjia, 50 S.W.3d 614, 617 (Tex.
App.—Amarillo 2001, orig. proceeding). Following a hearing, the trial court granted LWCC’s
motion in part by directing the parties to conduct a deposition of the insurance adjuster who
handled the Antill claim.
      After this deposition, LWCC filed a second motion to compel the production of the documents
at issue and to require a second deposition of the adjuster in which LWCC could question him
regarding the documents sought. LWCC characterized the first deposition as “wholly insufficient”
because the adjuster did not review pertinent documents in the insurance company’s file and
testified only from his personal recollection of events which had occurred three years earlier. 
LWCC contended that the documents sought were essential to its claim and reiterated its
contention that Superior Diving has waived any privileges with respect to the documents under the
offensive-use doctrine.
      Superior Diving filed a response to LWCC’s second motion to compel repeating its contention
that it has not waived the privileges asserted under the offensive-use doctrine.
      At the hearing on LWCC’s second motion to compel, Respondent directed Superior Diving
to provide him copies of the documents at issue for an in-camera review. See Tex. R. Civ. P.
193.4(a). Superior Diving complied. After Respondent conducted the in-camera review, he
signed an order denying LWCC’s motion to compel.
PROPRIETY OF MANDAMUS RELIEF
      “Mandamus issues only to correct a clear abuse of discretion or the violation of a duty
imposed by law when there is no other adequate remedy at law.” In re Taylor, 28 S.W.3d 240,
248 (Tex. App.—Waco 2000, orig. proceeding) (quoting Walker v. Packer, 827 S.W.2d 833, 839
(Tex. 1992) (orig. proceeding)); accord In re Ford Motor Co., 988 S.W.2d 714, 718 (Tex. 1998)
(orig. proceeding); In re Kellogg Brown & Root, 7 S.W.3d 655, 657 (Tex. App.—Houston [1st
Dist.] 1999, orig. proceeding).
Clear Abuse of Discretion
      LWCC contends that the disclosure of the documents at issue and a second deposition of the
adjuster are essential to establish that Superior Diving settled the Antill suit because it had an
indemnity agreement with TU Electric rather than because LWCC denied coverage. A TU
Electric attorney has testified by deposition that the indemnity agreement was the reason for the
settlement. The insurance adjuster for Superior Diving testified in his deposition that the
indemnity agreement had no bearing on the decision to settle the suit. LWCC seeks the documents
at issue to establish that the indemnity agreement was in fact the reason Superior Diving agreed
to the settlement.
      To show a waiver of privilege under the offensive-use doctrine, the party seeking discovery
must establish: (1) the party asserting the privilege is seeking affirmative relief; (2) “the privileged
information sought must be such that, if believed by the fact finder, in all probability . . . would
be outcome determinative of the cause of action asserted”; and (3) disclosure of the privileged
information is “the only means by which the aggrieved party may obtain the evidence.” Republic
Ins. Co., 856 S.W.2d at 163; Tjia, 50 S.W.3d at 617.
      Regarding the second element, the Supreme Court has said, “Mere relevance is insufficient. 
A contradiction in position without more is insufficient. The confidential communication must go
to the very heart of the affirmative relief sought.” Republic Ins. Co., 856 S.W.2d at 163; accord
Tjia, 50 S.W.3d at 617.
      Our review of the record leads us to conclude that LWCC “has not clearly established the
impossibility” of establishing the basis for the settlement of the Antill suit without the documents
and deposition testimony sought. See Ford Motor Co., 988 S.W.2d at 721; Kellogg Brown &
Root, 7 S.W.3d at 658. Neither has LWCC shown that exclusion of the documents and deposition
testimony sought “prevents it from establishing its [defense], such that a trial would be a waste
of judicial resources.” Kellogg Brown & Root, 7 S.W.3d at 658; accord Ford Motor Co., 988
S.W.2d at 721. For these reasons, we conclude that LWCC has failed to establish that the
documents and deposition testimony sought are “outcome determinative” or that they are “the only
means by which [it] may obtain the evidence.” See Republic Ins. Co., 856 S.W.2d at 163; Tjia,
50 S.W.3d at 617.
      Accordingly, LWCC has failed to establish that Respondent committed a clear abuse of
discretion by denying its second motion to compel.
Adequate Remedy at Law
      An appeal from an order denying discovery is not adequate if: (1) “the party’s ability to
present a viable claim or defense is vitiated or severely compromised”; or (2) the withheld
documents “cannot be made a part of the appellate record.” Walker, 827 S.W.2d at 843; accord
Ford Motor Co., 988 S.W.2d at 721; Kellogg Brown & Root, 7 S.W.3d at 657. The courts in
Ford Motor Company and Kellogg Brown & Root held that the relators in those proceedings failed
to establish that they had no adequate remedy at law for either of these reasons. See Ford Motor
Co., 988 S.W.2d at 721-22; Kellogg Brown & Root, 7 S.W.3d at 658. We hold that LWCC has
likewise failed to establish that it has no adequate remedy at law.
      Accordingly, we deny LWCC’s petition.
 
                                                                   REX D. DAVIS
                                                                   Chief Justice

Before Chief Justice Davis
      Justice Vance and
      Justice Gray
      (Justice Gray concurring)
Writ of mandamus denied
Opinion delivered and filed August 4, 2003
[OT06]