Opinion issued November 13, 2003











  
 




In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-03-00698-CV
____________
 
IN RE JOHN CRANE INC., Relator
 

 
 
Original Proceeding on Petition for Writ of Mandamus
 

 
 
MEMORANDUM OPINION
          By petition for writ of mandamus, relator, John Crane Inc., challenges the June
13th and June 23rd orders from the trial court compelling discovery responses.


 We
grant the petition for writ of mandamus.
Factual and Procedural Background
          John Crane sells gaskets and manufactures sealing products, including packing
material for valves and pumps. Carl Terranova, the real party in interest, alleged that,
while working at the Boston Naval Shipyard in Boston, Massachusetts, he was
exposed to John Crane’s gaskets and sealing materials which contained asbestos.
          Terranova sued John Crane and propounded discovery requests which included
78 interrogatories and 60 requests for production. John Crane timely objected,
contending that the discovery requests were overbroad, unduly burdensome, and were
not tied to particular products which Terranova allegedly used or was exposed to, or
to time periods of such use.
          Terranova filed a motion to compel production of documents, but a hearing on
the motion was postponed while the parties attempted to resolve their discovery
dispute. Terranova filed a supplemental motion to compel, and the trial court granted
the motions to compel. John Crane filed this mandamus complaining, specifically,
about being compelled to respond to requests for production 1, 2, 4, 5, 6, 10, 11, 23,
34, 35, 39, 42, 51, 52, 55, 56, 57, and 59 and interrogatories 72 and 76. In his
response to John Crane’s petition for writ of mandamus, Terranova withdrew most
of the discovery requests at issue and modified several others.
          This Court issued temporary orders staying all proceedings pending the trial
court’s order regarding the discovery requests Terranova offered to withdraw. The
trial court issued a new order modifying its earlier order compelling discovery
responses. John Crane filed a supplemental petition for mandamus that abandoned
most of the complaints in its original petition and narrowed its requested mandamus
relief to three discovery questions—requests for production 35 and 42 and
interrogatory 76. 
                                                Discovery Orders
          In three points of error, John Crane argues that (1) request for production 42
is overbroad as a matter of law, (2) request for production 35 is impermissibly
overbroad, and (3) interrogatory 76 is overbroad on its face and is not limited to any
particular product.
          Recognizing the potential for abuse, the Texas Supreme Court and others have
articulated principles and adopted procedural devices to curb discovery abuse. First,
discovery requests must be reasonably tailored to include only matters relevant to the
case. See In re American Optical Corp., 988 S.W.2d 711, 713 (Tex. 1998); Texaco,
Inc. v. Sanderson, 898 S.W.2d 813, 814 (Tex. 1995). Second, discovery may not be
used as a fishing expedition or to impose unreasonable discovery expenses on the
opposing party. See K Mart Corp. v. Sanderson, 937 S.W.2d 429, 431 (Tex. 1996). 
Third, a court may “in the interest of justice,” issue a protective order to “protect the
movant from undue burden, unnecessary expense, harassment, annoyance, or invasion
of personal, constitutional, or property rights.” Tex. R. Civ. P. 192.6(b). The new
discovery rules explicitly encourage trial courts to limit discovery when “the burden
or expense of the proposed discovery outweighs its likely benefit, taking into account
the needs of the case, the amount in controversy, the parties’ resources, the
importance of the issues at stake in the litigation, and the importance of the proposed
discovery in resolving the issues.” Tex. R. Civ. P. 192.4(b); In re Alford
Chevrolet-Geo., 997 S.W.2d 173, 180-81 (Tex. 1999). Although a trial court has
broad discretion to schedule and define the scope of discovery, it can abuse its
discretion by acting unreasonably. See In re Colonial Pipeline Co., 968 S.W.2d 938,
941 (Tex. 1998). A party resisting discovery, however, cannot simply make
conclusory allegations that the requested discovery is unduly burdensome or
unnecessarily harassing. The party must produce some evidence supporting its
request for a protective order. See Garcia v. Peeples, 734 S.W.2d 343, 345 (Tex.
1987).
          Mandamus is an extraordinary remedy, available only when a trial court clearly
abuses its discretion and when there is no adequate remedy on appeal. Walker v.
Packer, 827 S.W.2d 833, 840-44 (Tex. 1992). An appellate remedy may be adequate
even though it involves more delay or cost than mandamus. Id. at 842. An appeal
from a trial court’s discovery order is not adequate if: (1) the appellate court would
not be able to cure the trial court’s error on appeal; (2) the party’s ability to present
a viable claim or defense is vitiated or severely compromised; or (3) missing
discovery cannot be made a part of the appellate record. Id. at 843; In re Kellogg
Brown & Root, 7 S.W.3d 655, 657 (Tex. App.—Houston [1st Dist.] 1999, orig.
proceeding).
          John Crane lodged various objections to each of the discovery requests to
which it was ultimately compelled to respond. Before answering and responding to
the interrogatories and requests for production, John Crane lodged a general
objection. Specific objections were found after each request. The general objection
was as follows:
John Crane Inc. objects to each and every Interrogatory and Request for
Production that relates to periods of time, geographical areas, or
activities outside the scope of the allegations of the underlying
complaint in that such Interrogatory is irrelevant, overly broad, not
reasonably calculated to lead to the discovery of admissible evidence,
and would impose an unnecessary burden on John Crane Inc., to search
out, review, organize and produce information and documents which are
not relevant to any issue in this case, and it would be oppressive to
require this party to do so. Defendant has never manufactured, supplied,
sold or produced asbestos insulation products. Defendant manufactures
engineered sealing products, some of which contained asbestos but
which encapsulated the fibers in lubricants, binders and adhesives so as
to prevent their release in normal use and installation.

With this general objection in mind, we will review the requests, individually.
Request for Production 35
          In point of error two, John Crane contends that request for production 35 is
impermissibly overbroad. The request reads as follows:
35.Any and all documents reflecting the acquisition, through
purchase, reorganization, merger or otherwise, of another
company by defendant that manufactured, sold, processed,
distributed, or supplied asbestos or materials or products
containing asbestos.

John Crane did not re-urge its general objection, but objected to the relevance of this
request. It further responded that
Crane Packing Company was organized in Illinois in 1917 and began the
manufacture and sale of asbestos-containing products about 1930. It
merged with John Crane-Houdaille, Inc., a Delaware corporation, on
August 3, 1981. On March 27, 1988, Defendant changed its name to
John Crane Inc.

John Crane supplemented its response and added that “Defendant, John Crane Inc.,
does not contest responsibility for the sales of asbestos-containing products by Crane
Packing Company and John Crane Houdaille, Inc.” In its June 23rd order, the trial
court required John Crane to “provide responsive documents and items.” 
          In its petition, John Crane argues that the request, as written, would require it
to produce documents and drafts related to “negotiations, merger agreements,
insurance, employee pension benefits, taxes, debts, financing arrangements, and
corporate resolutions, just to name a few.” Terranova responded that the information
is relevant to determine when John Crane obtained knowledge regarding the health
hazards of asbestos. That information, however, would not logically stem from the
request as phrased. Terranova also contends that the knowledge of previous owners
could be imputed to John Crane. However, John Crane specifically stated in its
response that it does not contest the responsibility of the previous owners. Finally,
Terranova argues that, even if the information is irrelevant, discovery orders
mandating the disclosure of irrelevant documents are not ordinarily sufficient to
justify mandamus relief. See Tilton v. Marshall, 925 S.W.2d 672, 682-83 (Tex.
1996).
          In Tilton, the Texas Supreme Court further stated that “however, ‘[w]here a
discovery order compels the production of patently irrelevant or duplicative
documents, such that it . . . imposes a burden on the producing party far out of
proportion to any benefit that may obtain to the requesting party,’ mandamus relief
may also be justified.” Id. (tithing record) (citing Walker, 827 S.W.2d at 843); see
Sears, Roebuck & Co. v. Ramirez, 824 S.W.2d 558 (Tex. 1992) (demand for tax
returns); General Motors Corp. v. Lawrence, 651 S.W.2d 732 (Tex. 1983) (demand
for information about all vehicles for all years); see also Sanderson, 898 S.W.2d at
815 (“While plaintiffs are entitled to discover evidence of [Texaco’s] safety policies
and practices as they relate to the circumstances involved in their allegations, a
request for all documents authored by [the safety director] on the subject of safety,
without limitation as to time, place or subject matter, is overbroad.”).
          Here, the request, as written, required John Crane to produce documents related
to acquisitions spanning 86 years of business. The burden imposed on John Crane
is far out of proportion to any benefit to Terranova. See Tilton, 925 S.W.2d at 683. 
In its discovery response, John Crane acknowledged that it does not contest
responsibility for the sales of asbestos-containing materials of any of its predecessors;
therefore, Terranova’s justification for seeking the documents is rendered moot. We
hold that the trial court abused its discretion when it compelled John Crane to respond
to request for production 35, which is impermissibly overbroad, and because the
expense involved in complying with the request is unduly burdensome, John Crane
would have no adequate remedy on appeal.
          We sustain point of error two.  
Request for Production 42
          In point of error one, John Crane argues that request for production 42 is
overbroad as a matter of law. The request reads as follows:
42.Any and all documents reflecting the physical or chemical
composition, makeup or breakdown of any and all asbestos-containing materials or products or components of asbestos-containing materials or products manufactured, sold, and/or
distributed by Defendant.

John Crane re-urged its general objection and did not supplement its response. The
trial court’s June 23rd order required John Crane to “provide responsive documents
and items, as to the years prior to and including 1990.”
          In its petition, John Crane argues that the request requires it to “produce an
ocean of documents without any reasonable limitation.” John Crane contends that it
has been in existence since 1917 and has manufactured “hundreds of asbestos-containing products.” Further, because the request is not tied to a particular product
Terranova claimed to have used and is not limited to time periods in which such use
may have occurred, the request is “demanding the impossible.” 
          Terranova argues that, because John Crane’s general objection stated that its
products were safe because the asbestos was encapsulated, the chemical composition
of the products is relevant to ascertain the effectiveness of the encapsulation. 
          However, the request does not ask for the information as it relates to
Terranova’s exposure. It simply asks for any and all asbestos-containing products. 
John Crane submitted an affidavit from George R. McKillop, a former product
manager in its packing division. McKillop testified that sales records for asbestos-containing products are available from 1977 to 1985 on microfilm. He further
testified that searching for sales records requires searching through “several hundred
thousand documents” and would “cost well over $100,000” to copy. The request is
overbroad and not reasonably calculated to lead to the discovery of admissible
evidence. We hold that the trial court abused its discretion when it compelled John
Crane to respond to request for production 42, which is overbroad, and because the
expense involved in complying with the request is unduly burdensome, John Crane
would have no adequate remedy on appeal.
          We sustain point of error one.
Interrogatory 76
          In point of error three, John Crane argues that interrogatory 76 is overbroad on
its face and is not limited to any particular product. The interrogatory reads as
follows:
76.Do any documents, including but not limited to written
memoranda, specifications, recommendations, blueprints, or other
written materials of any kind or character, relating to the design,
preparation, testing or introduction into the market of the products
listed in any of the prior interrogatories or your answers thereto
still exist? If so, state:
                              (a)     A description of each such document.
                              (b)The name, address, and job title of each
person who currently has possession of
each document, and where the
documents are currently located.

John Crane re-urged its general objection and further objected that the interrogatory
was seeking irrelevant information because “such testing as it has done on its
asbestos-containing products was for quality control and performance specifications.” 
John Crane’s answer concluded by stating that “Defendant has conducted no tests
relating to the safety of its asbestos-containing products, but is aware that attorneys
representing it in this and other litigation have retained experts who may have
conducted such tests.” In a supplemental answer, John Crane added that “defendant
is serving herewith a copy of its asbestos packing style list and copies of various sales
brochures in its possession.” In its June 13th order, the trial court ordered that, 
for Interrogatory no. 76, which is already limited to asbestos-containing
materials or products, [John Crane] shall provide: substantive answers
which address the use of asbestos in those products, as opposed to some
other materials or components; the dates of production wherever [John
Crane] made or sold non-asbestos-containing materials; and whatever
testing [John Crane] did on its asbestos-containing products, as opposed
to its non-asbestos-containing products.

In its petition, John Crane complains that the discovery request is not limited to any
particular products or time periods during which any use may have occurred.
          Terranova “disclaim[s] any interest in obtaining quality control and product
specification testing,” but argues that he is entitled to obtain information regarding
the safety testing which may have been conducted for litigation purposes. John Crane
did not make a “work product” objection. Further, Terranova contends that John
Crane has failed to produce evidence supporting its undue burden claim. See In re
Alford Chevrolet-GEO, 997 S.W.2d at 181.
          In response to its statement that its attorneys may have retained experts who
conducted tests, John Crane submitted an affidavit from Anthony Packard, an
attorney with the Law Offices of Nisen & Elliot. Packard testified that his firm is
retained counsel for John Crane in the defense of its asbestos-related litigation. He
testified that the defense of the more than 100,000 asbestos suits filed against John
Crane has been assigned to “well over 60 law firms located in various jurisdictions
throughout the United States,” and the expense associated with compiling data
concerning any product testing performed in such suits, both in man-hours and
detraction from other pending lawsuits “would result in an inordinate expense.”           We hold that the trial court abused its discretion when it compelled John Crane
to respond to interrogatory 76, which is overbroad, and because the expense involved
in answering the interrogatory is unduly burdensome, John Crane would have no
adequate remedy on appeal. We sustain point of error three.
 
 
 
 
 
 
 
Conclusion
          We grant John Crane Inc.’s petition for mandamus relief, order the trial court
to vacate its June 13th and June 23rd orders concerning requests for production 35
and 42 and interrogatory 72, conditionally issue the writ of mandamus, and lift our
stay. The writ will issue only if the trial court fails to comply. All outstanding
motions are denied. 

                                                                        George C. Hanks, Jr.
                                                                        Justice

Panel consists of Justices Taft, Jennings, and Hanks.