NUMBER 13-04-00420-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________
 
IN RE ZENITH ELECTRONICS CORPORATION OF TEXAS;
LEAR CORPORATION; DELCO ELECTRONICS CORPORATION;
SEMTECH CORPUS CHRISTI CORPORATION; AND 
LAMBDA HOLDINGS, INC. 
__________________________________________________________________

On Petition for Writ of Mandamus
___________________________________________________________________
 
MEMORANDUM OPINION

Before Justices Rodriguez, Garza, and Wittig


 
Per Curiam Memorandum Opinion




          This is a toxic tort case involving alleged contamination of the Linn-Faysville
Aquifer, which underlies properties owned by eighteen plaintiffs. Through this original
proceeding, relators, Zenith Electronics Corporation of Texas, Lear Corporation, Delco
Electronics Corporation, Semtech Corpus Christi Corporation, and Lambda Holdings,
seek a writ of mandamus alleging that the trial court has refused to allow discovery
of basic facts regarding the claims of the real parties in interest, plaintiffs below. 
Relators request that we direct the trial court to vacate its order denying their motion
to compel discovery and enter an order compelling plaintiffs to fully comply with
defendants’ discovery requests. Alternatively or in addition, relators further request
that we direct the trial court to grant their request for entry of a “Lone Pine”
scheduling order.


 We conditionally grant the relief requested as further specified
herein.
         The facts of this original proceeding are known to the parties so we do not
recite them here. Further, because all dispositive issues are clearly settled in law, we
issue this memorandum opinion and order pursuant to Texas Rules of Appellate
Procedure 47.1 and 52.8(d). See Tex. R. App. P. 47.1, 52.8(c), (d). 
         Mandamus is an extraordinary remedy, available only when a trial court clearly
abuses its discretion and when there is no adequate remedy on appeal. Walker v.
Packer, 827 S.W.2d 833, 840-44 (Tex. 1992); In re Kellogg Brown & Root, 7 S.W.3d
655, 657 (Tex. App.–Houston [1st Dist.] 1999, orig. proceeding). An appellate
remedy may be adequate even though it involves more delay or cost than mandamus.
Walker, 827 S.W.2d at 842. An appellate remedy is “adequate” when any benefits
to mandamus review are outweighed by the detriments; when the benefits outweigh
the detriments, appellate courts must consider whether the appellate remedy is
adequate. In re Prudential Ins. Co., 47 Tex. Sup. J. 1104, 2004 Tex. LEXIS 789, *26
(Tex. Sept. 3, 2004) (on reh’g).
         The scope of discovery is largely within the trial court's discretion. Dillard Dep't
Stores, Inc. v. Hall, 909 S.W.2d 491, 492 (Tex. 1995). However, mandamus will
issue to correct a discovery order if the order constitutes a clear abuse of discretion
and there is no adequate remedy by appeal. In re Colonial Pipeline Co., 968 S.W.2d
938, 941 (Tex. 1998). A trial court abuses its discretion when it acts in an
unreasonable or arbitrary manner or, stated differently, when it acts without reference
to guiding rules and principles. See, e.g., Beaumont Bank, N.A. v. Buller, 806 S.W.2d
223, 226 (Tex. 1991). A party does not have an adequate remedy by appeal when:
(1) an appellate court would not be able to cure the trial court's discovery error, such
as when privileged information or trade secrets would be revealed or production of
patently irrelevant or duplicative documents imposing a disproportionate burden on the
producing party is ordered; (2) a party's ability to present a viable claim or defense is
severely compromised or vitiated by the erroneous discovery ruling to the extent that
it is effectively denied the ability to develop the merits of its case; or (3) a trial court's
discovery order disallows discovery which cannot be made a part of the appellate
record, thereby denying the reviewing court the ability to evaluate the effect of the
trial court's error. Walker, 827 S.W.2d at 843.
         In the instant case, the trial court has refused basic discovery in the form of
requests for disclosure, interrogatories, and requests for production. The requested
discovery pertains, inter alia, to property ownership, the identity of alleged toxins,
valuation of the allegedly affected land, and expert opinions. We conclude that the
trial court’s discovery order constitutes an abuse of discretion because it denies the
relators discovery that “goes to the heart of the litigation.” See In re Van Waters &
Rogers, 62 S.W.3d 197, 201 (Tex. 2001). 
         Accordingly, we conditionally grant the writ of mandamus and direct the trial
court to enter a discovery control plan tailored to the circumstances of this case. See
Tex. R. Civ. P. 190.4(a). We further direct the trial court to reconsider its rulings on
relators’ motion to compel responses to interrogatories, requests for production, and
requests for disclosure and allow discovery in accordance with the Texas Rules of Civil
Procedure and relevant case law. The discovery control plan must require real parties
in interest to produce responses to discovery at a specified time or times and require
real parties in interest to abide by Texas Rule of Civil Procedure 193 regarding
asserting privileges or making objections. Alternatively, the parties may submit an
agreed order to the trial court for its consideration. See id.
         We direct the trial court to vacate its orders denying relators’ motion to compel
and motion for case management order within five days of the date of this opinion. 
We further direct the trial court to permit relators to proceed with discovery from the
real parties in interest without delay as specified herein and as allowed under the Rules
of Civil Procedure. The writ will issue only if the trial court fails to comply. 
                                                                                 PER CURIAM
Memorandum Opinion delivered and filed 
this 21st day of October, 2004.