COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
_______________________________________________________
 
NUMBER 13-04-00536-CV

IN RE DOMINION RESOURCES, INC.,
LOUIS DREYFUS NATURAL GAS CORP., AND
AMERICAN EXPLORATION CO.
_____________________ __________________________________ 
 
NUMBER 13-04-00622-CV

IN RE VERNON E. FAULCONER, INC., FAULCONER ENERGY CORP.,
AND FAULCONER ENERGY JOINT VENTURE - 1988
_____________________ __________________________________
On Petition for Writ of Mandamus
_______________________________________________________
 
MEMORANDUM OPINION

Before Justices Hinojosa, Rodriguez, and Wittig


 
Per Curiam Memorandum Opinion




          This is a toxic tort case involving alleged underground hydrocarbon
contamination in McAllen, Texas. Through these original proceedings, relators,
Dominion Resources, Inc., Louis Dreyfus Natural Gas Corp., American Exploration Co.,
Ralph E. Fair, Inc., Fair Operating Company, Vernon E. Faulconer, Inc., Faulconer
Energy Corp., and Faulconer Energy Joint Venture - 1988 seek a writ of mandamus
directing the trial court to vacate a stay order that prevents relators from conducting
scientific tests that they allege are essential to their defense. After due consideration
of the petitions for writ of mandamus, the supplemental petition, and the responses
and replies thereto, we conditionally grant some of the relief requested as further
specified herein.



         The facts of these original proceedings are known to the parties so we do not
recite them here. Further, because all dispositive issues are clearly settled in law, we
issue this memorandum opinion and order pursuant to Texas Rules of Appellate
Procedure 47.1 and 52.8(d). See Tex. R. App. P. 47.1, 52.8(c), (d). 
         Mandamus is an extraordinary remedy, available only when a trial court clearly
abuses its discretion and there is no adequate remedy on appeal. Walker v. Packer,
827 S.W.2d 833, 840-44 (Tex. 1992); In re Kellogg Brown & Root, 7 S.W.3d 655,
657 (Tex. App.–Houston [1st Dist.] 1999, orig. proceeding). An appellate remedy
may be adequate even though it involves more delay or cost than mandamus. Walker,
827 S.W.2d at 842. An appellate remedy is “adequate” when any benefits to
mandamus review are outweighed by the detriments; when the benefits outweigh the
detriments, appellate courts must consider whether the appellate remedy is adequate. 
In re Prudential Ins. Co., 148 S.W.3d 124, 136 (Tex. 2004) (op. on reh’g).
         The scope of discovery is largely within the trial court's discretion. Dillard Dep't
Stores, Inc. v. Hall, 909 S.W.2d 491, 492 (Tex. 1995). However, mandamus will
issue to correct a discovery order if the order constitutes a clear abuse of discretion
and there is no adequate remedy by appeal. In re Colonial Pipeline Co., 968 S.W.2d
938, 941 (Tex. 1998). 
         A trial court abuses its discretion when it acts in an unreasonable or arbitrary
manner or, stated differently, when it acts without reference to guiding rules and
principles. See, e.g., Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex.
1991). A party does not have an adequate remedy by appeal when: (1) an appellate
court would not be able to cure the trial court's discovery error, such as when
privileged information or trade secrets would be revealed or production of patently
irrelevant or duplicative documents imposing a disproportionate burden on the
producing party is ordered; (2) a party's ability to present a viable claim or defense is
severely compromised or vitiated by the erroneous discovery ruling to the extent that
it is effectively denied the ability to develop the merits of its case; or (3) a trial court's
discovery order disallows discovery which cannot be made a part of the appellate
record, thereby denying the reviewing court the ability to evaluate the effect of the
trial court's error. Walker, 827 S.W.2d at 843.
         In the instant case, the real parties in interest, plaintiffs below, allege that they
have been harmed by contamination resulting from an underground plume of
hydrocarbons. The source of the contamination is at issue; however, the real parties
in interest contend that the underground contamination was created by leaking
gasoline and fuel storage facilities and a natural gas pipeline. In February, March, and
April of 2004, the parties engaged in extensive excavation and testing of the alleged
area of contamination.
         Relators are the current and former owners of the natural gas pipeline, parts of
which have been excavated and removed. On June 2, 2004, one of the plaintiffs’
experts concluded that some of the pipeline’s valves leaked creating cone-shaped areas
of contamination in the soil. By motion filed in the trial court, relators sought to
pressure-test the valves and test the soil adjacent to the pipeline to determine if the
plaintiffs’ theory of contamination is correct. The special master entered an
emergency order on August 6, 2004, forbidding the requested additional testing. The
trial court denied relator’s motion to dissolve the special master’s order on August 25,
2004. 
         We conclude that the trial court’s orders denying this testing constitutes an
abuse of discretion because the orders deny the relators discovery that “goes to the
heart of the litigation.” See In re Van Waters & Rogers, 62 S.W.3d 197, 201 (Tex.
2001). In short, these rulings compromise or vitiate the relators’ ability to present a
viable defense to the merits of this case. Relators should be allowed to perform tests
on their pipeline, valves, and the adjacent soil as necessary in response to the recent
specific testimony adduced by plaintiffs’ experts regarding the location and cause of
leaks in the pipeline. 
         Accordingly, we conditionally grant the writs of mandamus and direct the trial
court to dissolve the stay prohibiting further testing. We direct the trial court to allow
relators to perform such testing of the ground, valves, and pipe as is reasonably
responsive to the June and July 2004 testimony of the plaintiffs’ experts. The testing
must be performed expeditiously and may not delay a further trial setting in this
matter. In the trial court’s discretion, this testing may be limited to Hidalgo County
and may be conducted pursuant to protocols established by the trial court or by
agreement of the parties. 
         By a supplemental petition for writ of mandamus filed in this cause, relators
further complain of the trial court’s December 6, 2004, order denying relators’ request
to measure and test abandoned sections of pipe unearthed during excavations near the
pipeline. According to relators, the one- to two-foot sections of pipe were never part
of the pipeline because they differ in size and appearance from the pipe utilized in the
pipeline. 
         Dominion has asked to test the pieces to determine to a “reasonable scientific
probability” whether the pieces were ever part of the Dominion pipeline. The
destructive testing protocol would entail cutting, marking, cleaning, measuring, and
testing the pipe for chemical and metallurgical content. 
         Given the apparent physical discrepancy of the abandoned parts of the pipeline,
and given that relators have denied ownership of these parts, we believe that the trial
court acted within its discretion to deny destructive testing of these abandoned pieces. 
Accordingly, the supplemental petition for writ of mandamus is denied. 
         We lift our stay of the trial court proceedings and conditionally grant the writ
of mandamus as specified herein. We direct the trial court to vacate its orders banning
further testing within five days from the date of this opinion. We further direct the
trial court to permit relators to proceed with discovery without delay as specified
herein and as allowed under the Texas Rules of Civil Procedure. The writ will issue
only if the trial court fails to comply. 
                                                                        PER CURIAM
Memorandum Opinion delivered and filed this 10th day of February, 2005.