Petition for Writ of Mandamus Denied and Opinion filed April 20, 2006









Petition
for Writ of Mandamus Denied and Opinion filed April 20, 2006.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-05-01193-CV

____________

 

IN RE MATTHEWS, LAWSON, BOWICK & AL-AZEM, PLLC, Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

 

O P I N I
O N








On
November 28, 2005, relator Matthews, Lawson, Bowick & Al-Azem, PLLC (the AFirm@), filed a petition for writ of
mandamus and a motion for an emergency stay,[1]
seeking relief from a discovery order compelling production of documents
relating to its legal representation of Vatco, Inc. d/b/a pHoenix Electrode
Company (AVatco@). 
We granted the motion for emergency relief on that date and stayed the
proceedings pending a decision on relator=s mandamus petition.  Based on the record before us, we conclude
relator has failed to establish that it is entitled to the requested
relief.  We deny relator=s petition for writ of mandamus and
lift the stay entered on November 28, 2005.    
     

I.  Factual
and Procedural Background

The
action underlying this mandamus proceeding involves a derivative suit filed by
Real party in Interest Wilma Van London, individually and on behalf of Vatco
(hereinafter AVan London@), against Raymond Burchette, his
wife, and a company owned by the Burchettes. 
Wilma Van London is a fifty percent shareholder of Vatco, and Raymond
Burchette is the remaining fifty percent shareholder; both sit on Vatco=s board of directors.

In
August 2005, approximately two years after the Van London suit was filed,
Burchette directed the Firm to file two derivative suits on Vatco=s behalf against Wilma Van London,
her son, Kurt Van London, and The Van London Company, alleging, in part, unfair
competition and misappropriation of Vatco products and formulas (hereinafter Athe Burchette suits@). 
Van London sought discovery from the Firm regarding the Burchette
suits.  The Firm filed a response,
asserting the attorney-client and work product privileges, and filed a motion
for protective order.  Van London
responded, arguing, in part, that she was entitled to the discovery as a member
of Vatco=s board of directors and as a fifty
percent shareholder of the corporation. 
After a hearing, the trial court ordered the Firm to produce documents
relating to its representation of Vatco, Aincluding but not limited to . . .
the entirety of the [Firm=s] litigation file relating to the investigation and/or
prosecution of@ the Burchette suits.  The Firm filed its petition for writ of
mandamus.    

II.  Standard
of Review  








Mandamus
is an Aextraordinary remedy which undermines
the normal appellate  process.@ 
In re AIU Ins. Co., 148 S.W.3d 109, 121B22 (Tex. 2004) (5B4 decision) (Phillips, C. J.,
dissenting).  Its use is generally
reserved for Avery special circumstances,@ issuing only to correct a clear
abuse of discretion and when there is no other adequate remedy by law.  Id. at 122; see also In re Prudential
Ins. Co. of Am., 148 S.W.3d 124, 135B36 (Tex. 2004); Walker v. Packer,
827 S.W.2d 833, 842 (Tex. 1992).  The
party seeking mandamus relief has the burden of providing a sufficient record
to establish its right to the relief.  Walker,
827 S.W.2d at 837.  Also, although
mandamus is not an equitable remedy, it is largely governed by equitable
principles.  Rivercenter Associates v.
Rivera, 858 S.W.2d 366, 367 (Tex. 1993) (orig. proceeding).    

III.  Discussion


In its
petition, the Firm contends the trial court=s discovery order, in its entirety,
is an abuse of discretion as a matter of law, asserting that any order
compelling production of an attorney=s Aentire file@ is erroneous under National Union
Fire Insurance Co. v. Valdez, 863 S.W.2d 458 (Tex. 1993).  The Firm also argues that Van London is not
entitled to the documents because she is an Ainterested shareholder@ under Article 2.35-1(A) of the
Business Corporations Act.[2]








Any
party may request a hearing on a claim of privilege, and the party asserting
the privilege must present evidence necessary to support the privilege.  Tex.
R. Civ. P. 193.4(a); In re Maher, 143 S.W.3d 907, 913 (Tex. App.CFort Worth 2004, orig. proceeding); In
re ExxonMobil Corp., 97 S.W.3d 353, 357 (Tex. App.CHouston [14th Dist.] 2003, orig.
proceeding).  Proof of the privilege may
consist of testimony presented at a hearing or by affidavits.  Tex.
R. Civ. P. 193.4(a).  Here,
although Van London challenged the Firm=s assertion of the privileges and a
hearing was held on the Firm=s motion for protective order, we cannot determine from the
record before us whether the Firm provided any evidence in support of the
claimed privileges or produced any documents for the trial court=s review.[3]  There is no privilege log in the record and
no indication that the Firm offered any of the objected-to documents at the
hearing.  In short, there is no evidence
in the record by which this Court can determine whether the trial court=s order constitutes an abuse of
discretion.

We
recognize the Texas Supreme Court=s holding in National Union,
that an attorney=s Aentire file@ is work product protected under our Rules of Civil
Procedure.  863 S.W.2d at 461.  But, in National Union the party
resisting discovery produced the subject documents for in camera inspection
and a record existed.  Id. at
459B60. 
Here, the Firm has failed to provide a sufficient record establishing
its right to the relief sought.  

Moreover,
this Court previously has rejected the Firm=s argument here, that National
Union bars, as a matter of law, any discovery order regarding an attorney=s entire file.  See Lewis v. Wittig, 877 S.W.2d 52, 57B58 (Tex. App.CHouston [14th Dist.] 1994, orig. proceeding).  An order compelling production of an attorney=s 
file does not relieve a relator from establishing his entitlement to
mandamus relief.  Cf. id.   The Firm also fails to establish that Van
London is precluded from obtaining the requested discovery based on Article
2.35-1(A) of the Business Corporation Act.

IV. 
Conclusion








In sum,
there are no documents in the record or other evidence which supports the
conclusion that the trial court=s discovery order is a clear abuse of discretion.[4]  Accordingly, we deny the Firm=s petition for the writ of mandamus
and withdraw our previous order staying the proceedings below.                  

 

 

 

/s/        J. Harvey Hudson

 

 

Petition Denied and Opinion filed
April 20, 2006.

Panel consists of Justices Hudson,
Frost, and Seymore.  











[1]See Tex. Gov=t Code Ann. ' 22.221 (Vernon 2004); see  also
 Tex. R. App. P. 52.1, 52.10(a). 





[2]See former
Tex. Bus. Corp. Act Ann. art.
2.34-1(A) (Vernon 2003 & Supp. 2005), repealed and recodified by Acts
of 2003, 78th Leg., R.S., ch. 182, ' 1, 2003
Tex. Gen. Laws 267, as Tex. Bus. Org.
Code, '' 1.001B402.014.  The
Texas Business Corporation Act was recodified as the Business Organizations
Code, effective January 1, 2006.  The
amended Code is not applicable to this suit. 






[3]The Firm does not argue that the attorney-client privilege
specifically applies nor does the Firm refer to any particular documents;
therefore, we limit our discussion to the work-product privilege generally, as
does the Firm.





[4]We note, prior to the trial court=s November discovery order, in October 2005, the
parties signed an Agreed Order, concerning the appointment of a fifth director
to the Vatco board, which would permit a determination by Vatco=s board as to whether the Burchette suits can go
forward.  However, the Agreed Order
states that no vote by the directors concerning the Burchette suits may take
place until:

thirty
days after the later of (1) a final, nonappealable judicial determination of
the entitlement of the directors of Vatco to review the investigative and
litigation files of [the Firm] regarding both actions or (2) the production by
[the Firm] of any documents ordered to be produced by the Court.

By
virtue of the appointment of a fifth director, any issues concerning the
prosecution of the Burchette suits should be unaffected by our ruling on the
Firm=s mandamus petition.