NO. 07-05-0403-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 13, 2006

_____

YOLANDA NELSON AND JAMES L. JOHNSON, APPELLANTS

V.

ALBERTSON'S, INC., APPELLEE

_____

FROM THE COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY;

NO. 04-23919-1; HONORABLE R. BRENT KEIS, JUDGE

_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellants, Yolanda Nelson and her attorney, James L. Johnson, appeal an order granting monetary sanctions in the amount of $1,202 for discovery abuse. By a joint brief, presenting four issues, they contend the trial court abused its discretion because (1) Johnson properly invoked the attorney work product privilege at Nelson's deposition, (2)

counsel for Albertson's, Inc. failed to adhere to Rule 199.5 of the Rules of Civil Procedure, (3) the court failed to determine whether the alleged discovery abuse was attributable to Nelson only, Johnson only, or both, and (4) the court's amended final order of dismissal was a nullity due to a lack of jurisdiction. However, Nelson and Johnson do not present an issue challenging the dollar amount of the sanctions. We affirm.

Johnson represented Nelson in a premises liability action against Albertson's, Inc. On June 3, 2005, counsel for Albertson's, James W. Watson, arrived at Johnson's office to take Nelson's deposition. Approximately thirty minutes into the deposition, the following exchange took place:

> Q. What have you looked at or reviewed to prepare for your testimony this morning ?
>
> MR. JOHNSON: I object to the extent you're asking for anything that I've asked her to review as being attorney product – attorney work product. You can answer as to anything you reviewed other than what I asked you to review.
>
> MR. WATSON: I disagree with that. I mean anything that she's – anything that she's reviewed. Now, I'm not asking for communications between you and her, and I'm not asking for something that you prepared for her, but just because you asked her to look at something doesn't cloak it with any type of a privilege. I want to know everything that's been reviewed.
>
> MR. JOHNSON: Texas Supreme Court would disagree. And I'm instructing you not to answer as to anything I've asked you to review.
>
> Q. (BY MR. WATSON) Go ahead. You can answer.
>
> A. (No response).

* * *

2

MR. JOHNSON: And to that I repeat my prior objection as to revealing attorney work product as to anything that I asked you to review and also to the extent you did review, without my asking, any attorney correspondence, I'm instructing you not to reveal the content of any attorney correspondence.

Nelson subsequently refused to respond to Watson's question with respect to the materials she reviewed prior to her deposition. Nelson also refused to respond to the following question regarding a request for production of documents:

Q. And nothing other than Exhibit 2 and Exhibit 3 are being provided to me in response to these 19 categories of information that I've requested; is that also true?

Following multiple attempts to obtain a response to his questions, Watson suspended the deposition, and then filed the Motion to Compel Answers to Deposition Questions and Motion for Sanctions. Asserting two grounds, Albertson's sought (a) relief regarding the attorney's objection based on the work product privilege and (b) sanctions because Nelson refused to answer or respond to questions unrelated to the work product objection by her counsel. However, answers or responses were not filed by Nelson or Johnson. Following the hearing and the receipt of evidence presented in support of the motion, on July 25, 2005, the trial court signed its order granting the motion, which, among other things, provided:

It is further ordered, adjudged and decreed that Plaintiff Yolanda Nelson be compelled to fully respond to all question she refused to answer during her first day of deposition (taken June 3, 2005).

3

It is further ordered, adjudged and decreed that the conduct of plaintiff during the initial portion of her deposition (having taken place on June 3, 2005), shall be deemed admissible evidence pursuant to Rule 199.5(d), Tex. R. Civ. P., and

It is further ordered, adjudged and decreed that Plaintiff and her attorney shall pay defendant sanctions in the amount of $1,202 (for attorney fees and court reporter fees) within five days of this hearing.

On August 2, 2005, Johnson and Nelson filed a notice of nonsuit and the trial court dismissed Nelson's claims without prejudice. The trial court subsequently entered a second order of dismissal on Watson's motion, incorporating the award of sanctions.

Standard of Review

Rule 215.1 Motion for Sanctions

Because the scope of discovery is within the discretion of the trial court, we will review the trial court's decision regarding a sanction for discovery abuse under an abuse of discretion standard. In re CSX Corp., 124 S.W.3d 149, 152 (Tex. 2003); Dillard Dept. Stores, Inc. v. Hall, 909 S.W.2d 491, 492 (Tex. 1995). A trial court abuses its discretion when it acts without reference to guiding rules and principles. In re Colonial Pipeline Co., 968 S.W.2d 938, 941 (Tex. 1998). A trial court has no discretion in determining what the law is or applying the law to the facts, and a failure by a trial court to analyze or apply the law correctly is, per se, an abuse of discretion. Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992).

By their first issue, Nelson and Johnson contend the trial court abused its discretion in issuing sanctions against them for "discovery abuse" where they invoked the attorney work product privilege at Nelson's deposition by Albertson's counsel. We disagree.

Work Product Privilege

Rule 192.5

By their brief, Nelson and Johnson cite National Union Fire Ins. Co. v. Valdez, 863 S.W.2d 458 (Tex. 1993), and numerous federal cases as authority for their positions. However, they do not cite or make reference to Rule 192.5 of the Texas Rules of Civil Procedure, effective January 1, 1999.[1] In his article entitled *Has the Fog Cleared? Attorney Work Product And The Attorney-Client Privilege: Texas's Complete Transition Into Full Protection Of Attorney Work In The Corporate Context,* 32 St. Mary's L.J. Number 197, 238 (2001), Fred A. Simpson describes the new Texas rule as a unique approach to work product. According to Rule 192.5(a), work product includes:

> (1) material prepared or mental impressions developed in anticipation of litigation or for trial by or for a party or a party's representatives, including the party's attorneys, consultants, sureties, indemnitors, insurers, employees, or agents; or
>
> (2) a communication made in anticipation of litigation or for trial between a party and the party's representatives or among a party's representatives, including the party's attorneys, consultants, sureties, indemnitors, insurers, employees, or agents.

---

[1] We deem Tex. R. Civ. P. 192.5 controlling notwithstanding the Federal Rules of Civil Procedure.

Subparagraph (b)(3) then provides:

> Incidental Disclosure of Attorney Mental Processes. It is not a violation of subparagraph (1) if disclosure ordered pursuant to subparagraph (2) incidentally discloses by inference attorney mental processes otherwise protected under subparagraph (1).

Under Texas law, a party may obtain discovery of any matter that is not privileged and is relevant to the subject matter of the pending action. Tex. R. Civ. P. 192.3.[2] When a party tenders the documents to the trial court for an *in camera* inspection, the trial court must decide whether the privilege applies. Oyster Creek Financial Corp. v. Richwood Inv., II, Inc., 957 S.W.2d 640, 646 (Tex.App.–Amarillo 1997, pet. denied); Marathon Oil Co. v. Moye, 893 S.W.2d 585, 590 (Tex.App.–Dallas 1993, no writ.). Moreover, because documents are not privileged simply because they were created by an attorney or are contained in an attorney's file, the party attempting to limit discovery has the burden of pleading and proving the basis of the desired limitation. *See National Union*, 863 S.W.2d at 460; Weisel Enterprises, Inc. v. Curry, 718 S.W.2d 56, 58 (Tex. 1986); Kern v. Gleason, 840 S.W.2d 730, 735 (Tex.App.–Amarillo 1992, no writ). Further, where the question is presented by an objection during deposition, the party seeking to avoid discovery must present evidence necessary to support the objection or privilege, by testimony or affidavit. *See* Tex. R. Civ. P. 199.6. As material here, the unsworn statements of attorney Johnson

---

[2]Nelson and Johnson do not present a challenge of relevancy.

6

at the hearing do not constitute evidence.[3]  *See* Banda v. Garcia, 955 S.W.2d 270, 272 (Tex. 1997).

At the hearing on Albertson's motion to compel and for sanctions, its counsel introduced the relevant portions of Nelson's deposition showing the objections and instructions of Johnson not to answer questions based on the broad claim of work product together with evidence of expenses and attorney's fees occasioned by the hearing. Although Nelson and Johnson had the burden of presenting evidence necessary to support the objection or privilege, they presented no evidence in support of their position and did not respond by pleading or proof that the objection was proper.  Moreover, Nelson and Johnson did not identify or otherwise describe the materials which Johnson requested that Nelson review prior to her deposition or tender any materials to the trial court for *in camera* review.  In effect, they attempted to "cloak" the alleged materials, if any, with the work product privilege merely by an objection, contrary to *National Union*.  *See National Union*, 863 S.W.2d at 460.  Concluding that Nelson and Johnson failed to show the judgment of the trial court was erroneous, and no abuse of discretion had been demonstrated, Nelson and Johnson's first issue is overruled.  *See* Murray v. Devco, Ltd., 731 S.W.2d 555, 557 (Tex. 1987).

---

[3]After the hearing on June 24, 2005, Johnson sent his affidavit along with a brief to the trial court, but it was not served seven days before the hearing as required by Tex. R. Civ. P. 199.6.

7

By their second issue, Nelson and Johnson contend Watson failed to preserve his objection because he did not object as required by Rule 199.5 of the Rules of Civil Procedure. As a general rule, an issue may not be raised for the first time on appeal. Dreyer v. Greene, 871 S.W.2d 697, 698 (Tex. 1993). In order to preserve a complaint for appellate review, a party must present to the trial court a timely request, objection, or motion, state the specific grounds thereof, and obtain a ruling. *See* Tex. R. App. P. 33.1(a). However, this issue was not raised by response or answer to Albertson's motion for sanctions in the trial court and is not preserved for our review. *See* Preston v. Burmeister, 52 S.W.3d 386, 389 (Tex.App.–Fort Worth 2001, no pet.); Cash America Intern., Inc. v. Hampton Place, Inc., 955 S.W.2d 459, 463 (Tex.App.–Fort Worth 1997, pet. denied). The second issue is overruled.

By their third issue, Nelson and Johnson contend the trial court erred in failing to determine whether the alleged discovery abuse was attributable to Nelson only, Johnson only, or both. As discussed above, an issue may not be raised for the first time on appeal. *Dreyer*, 871 S.W.2d at 698. A point or issue on appeal is not preserved for our review unless the party asserting the contention presented a timely request, objection, or motion that states the specific grounds for the desired ruling. Tex. R. App. P. 33.1(a); *Cash America*, 955 S.W.2d at 463.

After the sanctions order was signed on July 25, 2005, Nelson and Johnson did not file a motion for rehearing or new trial or present the objection stated above to the trial

8

court. Instead, they filed a notice of nonsuit per Tex. R. Civ. P. 162 on August 2, 2005. Because they did not file a motion for rehearing or new trial or otherwise present this issue to the trial court, the issue was not preserved for our review. *See Cash America*, 955 S.W.2d at 463. Their third issue is overruled.

By their fourth issue, Nelson and Johnson contend the court's amended final order of dismissal incorporating the court's award for sanctions was a nullity due to a lack of jurisdiction. We disagree.

On July 25, 2005, the trial court signed its order providing for monetary sanctions against Nelson and Johnson. Following Nelson's notice of nonsuit filed on August 2, 2005, the trial court signed an order of dismissal without prejudice to Nelson's claims on August 16, 2005. Then, on September 12, 2005, Nelson and Johnson filed their joint notice of appeal indicating their desire to appeal the July 25, 2005 order. After the notice of appeal was filed, acting on Albertson's motion to modify, correct, or reform the August 16, 2005 dismissal without prejudice, on October 7, 2005, the trial court signed an order stating that a sanctions order survives a nonsuit and providing that the case was dismissed without prejudice.

Because Rule 25.1(a) of the Texas Rules of Appellate Procedure provides that a party may perfect an appeal by merely filing a notice of appeal, the filing of the notice of appeal by Nelson and Johnson on August 16, 2005, was effective to invoke the jurisdiction of this Court. *See* Tex. R. App. P. 25.1(a)&(b)*;* In re Arroyo, 988 S.W.2d 737, 738 (Tex.

9

1998).  Moreover, the decision in Felderhoff v. Knauf, 819 S.W.2d 110, 111 (Tex.  1991), holding that a monetary sanction order rendered before a nonsuit is taken survives a nonsuit, renders any question of dismissal with or without prejudice irrelevant for purposes of our review.  Issue four is overruled.

Accordingly, the order of the trial court granting Albertson's motion for sanctions and awarding monetary sanctions in the amount of $1,202 signed July 25, 2005, is affirmed.

Don H. Reavis
Justice