Affirmed and Memorandum Opinion filed February 24, 2009








Affirmed and Memorandum Opinion filed February 24, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00834-CV

____________

 

TRISH R. CALLOWAY, Appellant

 

V.

 

JAMES N. HULL & ASSOCIATES,
P.C. A/K/A HULL & ASSOCIATES, P.C. AND LVNV FUNDING LLC, Appellees

 



 

On Appeal from the 113th
District Court

Harris County, Texas

Trial Court Cause No. 2006-79792

 



 

M E M O R A N D U M   O P I N I O N

Appellant Trish R. Calloway appeals from the trial court=s grant of summary
judgment for appellees James N. Hull & Associates, P.C. a/k/a Hull &
Associates, P.C. and LVNV Funding, LLC.  Calloway contends the trial court (1)
abused its discretion by granting Hull=s motion for
protective order, (2) erred in denying her objections and special exceptions,
and (3) erred in granting Hull=s and LVNV=s motions for
summary judgment.  We affirm.








Background

In 2006, LVNV filed a lawsuit against Calloway to collect
on a revolving credit account debt.  Hull was LVNV=s counsel in the
lawsuit.  Shortly before the trial date, LVNV non-suited the case.  Calloway
then filed this lawsuit against LVNV and Hull, alleging that LVNV and Hull
intentionally and maliciously filed the lawsuit against her on a false or
fictitious account and, rather than produce a legible, enforceable account
agreement, LVNV instead non-suited its case three days before the scheduled
trial date.  Calloway originally alleged malicious civil prosecution and
intentional infliction of emotional distress against LVNV and Hull, and later
amended her petition to add a claim for fraud by nondisclosure. 

Calloway served interrogatories on Hull, which primarily
requested the factual bases for the allegations LVNV had made in the earlier
lawsuit.  Unsatisfied with Hull=s responses, Calloway filed a motion to
compel.  Hull responded to Calloway=s motion to compel
and also moved for a protective order.  Hull contended that, among other
things, if any cause of action existed, the proper defendant would be its
client, LVNV, because Hull, as LVNV=s counsel, could
not be sued solely for representing its client in court.  Further, Hull
contended that Calloway=s discovery would likely involve
significant issues surrounding the attorney-client and work-product
privileges.  Hull alternatively requested that the trial court stay all
discovery against it until a motion for summary judgment could be heard and
ruled on, Aso issues can be narrowed.@  Similarly, in
its motion for protective order, which was incorporated into its response to
Calloway=s motion to compel,
Hull asserted that Calloway had propounded discovery to it that was not
necessary in the case and asked the trial court to stay discovery until the
issues could be narrowed with a motion for summary judgment.  The trial court
granted Hull=s motion for protective order, ordering that Ano further
discovery [was] required@ of Hull.[1]








Hull then filed a motion for traditional and no-evidence
summary judgment.  In its traditional motion, it alleged that (1) filing a lawsuit
cannot constitute Aextreme and outrageous conduct@; (2) Hull is
protected by the doctrines of litigation immunity and quasi-judicial immunity,
and if Calloway believed the earlier lawsuit to be wrongfully instituted
against her, she should have sought sanctions in that lawsuit; and (3) Hull
relied on information from LVNV and conducted an independent investigation to
determine if Calloway was the proper defendant to sue in the earlier lawsuit,
and so it could not be liable for fraud, intentional infliction of emotional
distress, or malicious prosecution.  Hull attached two affidavits in support of
its traditional motion for summary judgment.  In its no-evidence motion, Hull
asserted that Calloway had no evidence to support most or all of the elements
of the three causes of action alleged against it.  

In response to Hull=s motion for
traditional and no-evidence summary judgment, Calloway asserted that there had
not been adequate time for discovery due to Hull=s and LVNV=s resistance to
her requests for discovery and the trial court=s grant of Hull=s motion for a
protective order.  Calloway also responded to the substance of Hull=s motion, objected
to Hull=s supporting affidavits,
and asserted that genuine issues of material fact could be inferred from LVNV=s original
petition filed in the earlier suit, a copy of which she purported to attach as
Exhibit AA@ to her response.[2] 
Calloway did not attach any other evidence to support her response.  Calloway
separately filed objections and special exceptions to the affidavits attached
in support of Hull=s motion for traditional summary judgment.[3] 









LVNV separately filed a motion for no-evidence summary
judgment, alleging that Calloway had no evidence of most or all of the elements
of her claims for civil malicious prosecution, intentional infliction of
emotional distress, and fraud by nondisclosure.

Calloway responded to LVNV=s no-evidence
motion for summary judgment by first asserting that adequate time for discovery
had not passed because of LVNV=s and Hull=s resistance to
her discovery requests and the protective order granted Hull.  She also
contended that genuine issues of material fact could be inferred from the
petition LVNV filed in the earlier lawsuit.  A copy of LVNV=s original
petition in the earlier lawsuit was the only evidence Calloway attached in
support of her response.

On September 13, 2007, the trial court granted Hull=s and LVNV=s motions for
summary judgment without specifying the grounds.  Calloway then filed a motion
requesting that the trial court enter an order on its special exceptions, and
LVNV moved to strike the motion as moot following the trial court=s grant of summary
judgments for LVNV and Hull.  After a hearing, the trial court overruled
Calloway=s objections and
special exceptions to Hull=s motion for traditional and no-evidence
summary judgment.

Calloway=s Issues

I.        The Trial
Court Did Not Abuse Its Discretion By Granting Hull=s Motion for
Protective Order








In her first issue, Calloway contends that the trial court
abused its discretion by granting Hull=s motion for
protective order, because the trial court prevented her from conducting further
discovery.  Calloway also suggests that Hull=s interrogatory
answers were improperly excluded from the record, and describes the alleged
omission as Ahighly controversial.@  She asserts that
this omission, along with the trial court=s denial of
discovery, effectively prevented her from proving the material allegations of
her lawsuit on appeal.[4] 
Calloway includes in an appendix to her brief a purported copy of Hull=s answers to
Calloway=s interrogatories,
but does not explain the significance of the answers or their omission.

Hull responds that it did not file its interrogatory
answers with the court, but as the record reflects, it instead filed a
certificate of response to written discovery pursuant to Texas Rule of Civil
Procedure 191.4.  Hull also contends that because its answers are not included
in the appellate record, they are not properly before the court and we may not
consider them.  We agree.  See, e.g., Nguyen v. Intertex, Inc.,
93 S.W.3d 288, 292B93 (Tex. App.CHouston [14th]
Dist. 2002, no pet.); Mitchison v. Houston Indep. Sch. Dist., 803 S.W.2d
769, 771 (Tex. App.CHouston [14th Dist.] 1991, writ denied). 
Therefore, we do not consider Hull=s answers or
Calloway=s unsupported
assertions in our determination of this issue.  

We review a trial court=s decision
regarding a discovery-related protective order under an abuse-of-discretion
standard.  Boales v. Brighton Builders, Inc., 29 S.W.3d 159, 168 (Tex.
App.CHouston [14th
Dist.] 2000, pet. denied).  Here, Calloway cites cases standing for the general
proposition that the purpose of discovery is to allow parties to obtain full
knowledge of the issues and facts before trial and to prevent trial by ambush. 
See Gutierrez v. Dallas Indep. Sch. Dist., 729 S.W.2d 691, 693 (Tex.
1987); West v. Solito, 563 S.W.2d 240, 243 (Tex. 1978).  Beyond that,
she asserts only that the trial court abused its discretion by Asummarily@ granting Hull=s motion for a protective
order and does not explain how the trial court abused its discretion or why the
order prevented her from proving the material allegations of her lawsuit on
appeal.








Hull responds that, as LVNV=s counsel, it did
not make any claims against Calloway in the earlier lawsuit and was simply
representing LVNV.  For Hull to completely respond to Calloway=s interrogatories
concerning the basis for LVNV=s claims in the earlier lawsuit, it
asserts that it would have had to disclose the substance of attorney-client
communications.  See Maryland Am. Gen. Ins. Co. v. Blackmon, 639 S.W.2d
455, 458 (Tex. 1982) (AThe purpose of the attorney-client
privilege is to Apromote the unrestrained communications
between an attorney and client in matters where the attorney=s advice and
counsel were sought by ensuring that these communications will not be subject
to subsequent disclosure.@).  Hull also argues that much of its
knowledge of LVNV=s claims would have come from work product
such as its litigation file, notes, and correspondence.  See Tex. R.
Civ. P. 192.5(b)(1), (2); Occidental Chem. Corp. v. Banales, 907 S.W.2d
488, 490 (Tex. 1995); Nat=l Union Fire Ins.
Co. v. Valdez, 863 S.W.2d 458, 460 (Tex. 1993).  

Calloway does not contend that any exception to these
privileges applies or that she had a specific need for such information or
documents.  Further, Calloway=s interrogatories largely sought
information on the grounds for LVNV=s claims in its
earlier suit against her.  Thus, the trial court could have concluded that the
proper party to ask about the basis for LVNV=s claims was
LVNV.  Alternatively, the trial court could have agreed with Hull that
narrowing the issues by summary judgment before permitting wholesale inquiry
into Hull=s knowledge was appropriate.  Calloway does not
assert, and nothing in the record reflects, that she was prevented from
obtaining discovery concerning the basis for LVNV=s claims in its
earlier lawsuit against her directly from LVNV.  








On this record, therefore, we cannot say that the trial
court abused its discretion in granting Hull=s motion for
protective order.  See Boales v. Brighton Builders, Inc., 29
S.W.3d 159, 168 (Tex. App.CHouston [14th Dist.] 2000, pet. denied)
(holding trial court did not abuse its discretion in granting appellees= motion for
protective order preventing deposition of appellees= general counsel
because the evidence sought likely was significantly protected by lawyer-client
privilege).  We overrule Calloway=s first issue.

II.       The Trial
Court Did Not Err in Granting Hull=s and LVNV=s Motions for
Summary Judgment

In her third issue, Calloway repeats her contention that
the trial court=s protective order denied her ability to
obtain discovery to prove the material allegations of her lawsuit, and further
contends generally that Hull=s and LVNV=s motions for
summary judgment were legally insufficient.  Therefore, she concludes, the
trial court erred in granting their motions for summary judgment.  Calloway
does not distinguish between Hull=s and LVNV=s no-evidence
motions for summary judgment and Hull=s traditional
motion for summary judgment, nor does she make any arguments specific to
either.  However, we need only address Hull=s and LVNV=s no-evidence
motions for summary judgment to resolve this issue.  See Rogers v. Ricane
Enters., Inc., 772 S.W.2d 76, 79 (Tex. 1989) (when the trial court=s order granting
summary judgment does not specify the basis for the ruling, we affirm the
judgment if any of the theories advanced are meritorious).  Therefore, we do
not reach the merits of Hull=s traditional motion for summary judgment.

Both Hull and LVNV filed no-evidence motions for summary
judgment asserting that after adequate time for discovery, Calloway had no
evidence to support some or all of the elements of her claims for malicious
prosecution, intentional infliction of emotional distress, and fraud by
nondisclosure.  See Tex. R. Civ. P. 166a(i); Western Invs., Inc. v.
Urena, 162 S.W.3d 547, 550 (Tex. 2005) (after adequate time for discovery,
a party may move for summary judgment on the ground that there is no evidence
of one or more essential elements of a claim or defense on which an adverse
party would have the burden of proof at trial).  








We construe Calloway=s appellate
argument to include an argument that she had inadequate time for discovery due
to Hull=s and LVNV=s resistance to
her discovery efforts and the trial court=s grant of the
protective order.  However, we have already held that the trial court did not
abuse its discretion in granting Hull=s protective
order, and although Calloway complains that LVNV also improperly resisted discovery,
she did not present the court with any evidence to support her assertions, and
she failed to identify the evidence she needed or the time she needed to obtain
it.  Thus, the trial court did not abuse its discretion in hearing and ruling
on the motions for no-evidence summary judgment.  See Durham v. Wal-Mart
Stores, Inc., No. 14-02-00469-CV, 2003 WL 750434, at *1 (Tex. App.CHouston [14th
Dist.] Mar. 6, 2003, no pet.) (mem. op.) (holding trial court did not abuse its
discretion in hearing and ruling on no-evidence motion for summary judgment
when appellant did not file motion for continuance or affidavit supporting her
claim of inadequate time for discovery).  

We next turn to the substance of the no-evidence motions. 
Both Hull and LVNV asserted that Calloway had no evidence to support some or
all of the elements of her claims for malicious prosecution, intentional
infliction of emotional distress, and fraud by nondisclosure.  When a movant
properly files a no-evidence motion, the burden shifts to the non-movant to
defeat the motion by presenting competent summary judgment evidence that raises
an issue of material fact on the challenged element(s).  See Tex. R.
Civ. P. 166a(i).  If the non-movant fails to produce summary judgment evidence
raising a genuine issue of material fact, the court must grant the motion.  See
id.  We view all of the summary-judgment evidence in the light most
favorable to the non-movant, indulging every reasonable inference and resolving
any doubts against the movant.  City of Keller v. Wilson, 168 S.W.3d
802, 823B25 (Tex. 2005).








To prevail in a suit alleging malicious prosecution of a
civil claim, the plaintiff must establish:  (1) the institution or continuation
of civil proceedings against the plaintiff; (2) by or at the insistence of the
defendant; (3) malice in the commencement of the proceeding; (4) lack of
probable cause for the proceeding; (5) termination of the proceeding in plaintiff=s favor; and (6)
special damages.  Texas Beef Cattle Co. v. Green, 921 S.W.2d 203, 207
(Tex. 1996).  Hull contended that, with the exception of the first element,
Calloway had no evidence of the elements of this cause of action.  LVNV
contended that Calloway had no evidence of the elements of malice, lack of
probable cause, termination of the underlying suit in the plaintiff=s favor, and
special injury. 

To prevail on a claim for intentional inflection of
emotional distress, a plaintiff must establish that:  (1) the defendant acted
intentionally or recklessly; (2) its conduct was extreme and outrageous; (3)
its actions caused her emotional distress; and (4) the emotional distress was
severe.  Kroger Tex. Ltd. P=ship v. Suberu, 216 S.W.3d 788,
796 (Tex. 2006); Tiller v. McLure, 121 S.W.3d 709, 713 (Tex. 2003) (per
curiam).  Hull and LVNV both asserted that Calloway had no evidence of any of
these elements.  LVNV also alleged that Calloway lacked evidence that no
alternative cause of action would provide a remedy for the alleged severe
emotional distress caused by LVNV=s conduct.  See
Hoffmann-LaRoche Inc. v. Zeltwanger, 144 S.W.3d 438, 447 (Tex. 2004).

Lastly, both Hull and LVNV contended that Calloway had no
evidence of fraud by nondisclosure, for which they both listed the following
elements: (1) the defendant concealed from or failed to disclose certain facts
to the plaintiff; (2) the defendant had a duty to disclose the facts to the
plaintiff; (3) the facts were material; (4) the defendant knew (a) the
plaintiff was ignorant of the facts and (b) the plaintiff did not have an equal
opportunity to discover the facts; (5) the defendant was deliberately silent
when it had a duty to speak; (6) by failing to disclose the facts, defendant
intended to induce the plaintiff to take some action or refrain from acting;
(7) the plaintiff relied on the defendant=s nondisclosure;
and (8) the plaintiff was injured as a result of acting without the knowledge
of the undisclosed facts.  See Bradford v. Vento, 48 S.W.3d 749,
754B55 (Tex. 2001); Am.
Tobacco Co. v. Grinnell, 951 S.W.2d 420, 436 (Tex. 1997). 








In response to these no-evidence motions, Calloway attached
only LVNV=s original petition and supporting documents filed in
the earlier lawsuit.[5] 
Even indulging every reasonable inference and resolving any doubts against Hull
and LVNV, this evidence is woefully inadequate to raise a genuine issue of
material fact on most, if not all, of the challenged elements of the causes of
action alleged.  In particular, the petition does not raise a fact issue on
intent or malice, emotional distress, duty, injury, or damages, elements
Calloway must prove to prevail on the claims she has alleged.  Further, in her
appellate brief, Calloway makes no argument specifically addressing the trial
court=s grant of Hull=s and LVNV=s no-evidence
motions for summary judgment.  

Therefore, we hold that the trial court properly granted
both Hull=s and LVNV=s no-evidence
motions for summary judgment.  See Tex. R. Civ. P. 166a(i).  Because we
dispose of Calloway=s third issue on this basis, we need not
determine whether the trial court correctly granted summary judgment on Hull=s traditional
motion for summary judgment, and accordingly, we do not reach Calloway=s second issue
concerning the trial court=s order denying Calloway=s objections and
special exceptions to the affidavits Hull presented in support of its motion
for traditional summary judgment.

The trial court=s judgment is
affirmed.

 

 

/s/      Jeffrey V. Brown

Justice

 

 

Panel consists of
Justices Frost, Brown, and Boyce.









[1]  Calloway then filed a petition for mandamus against
the trial judge, seeking an order directing her to vacate her order granting
Hull=s motion for protective order.  See In re Calloway,
No. 14-07-00612-CV, 2007 WL 2330932 (Tex. App.CHouston [14th Dist.] 2007, orig. proceeding) (mem. op.).  This court
denied the petition.  Id. at *1.





[2]  The record copy of Calloway=s response to Hull=s
motion does not include the exhibit.  However, Calloway=s response to LVNV=s
motion does include as Exhibit AA@ a copy of LVNV=s original
petition.





[3]  In her filing, Calloway asserts that her objections
and special exceptions are directed to LVNV=s
motion for summary judgment; however, LVNV s motion did not attach any
affidavits as exhibits to its motion.  Therefore, we presume that Calloway=s complaints are directed to Hull=s motion for summary judgment, not LVNV=s.





[4]  We note that Calloway=s motion to compel did not reflect that she attached Hull=s responses as an exhibit.  She did, however, purport
to summarize Hull=s objections and responses in support of her argument
that the objections and responses were groundless.





[5]  Hull asserts that the clerk=s record does not include any attachment to Calloway=s response to its motion for traditional and
no-evidence summary judgment.  However, Calloway=s response does reflect that she attached as an exhibit LVNV=s original petition in its earlier lawsuit, and this
document was attached to the record copy of Calloway=s response to LVNV=s
motion for no-evidence summary judgment.  Even absent this defect, the petition
did not raise a fact issue, as explained above.